IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STRAWBERRY MISSIONARY
BAPTIST CHURCH                                                               PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:17-CV-155-SA-JMV

CHURCH MUTUAL INSURANCE
COMPANY FOUNDATION, INC.                                                     DEFENDANT

## MEMORANDUM OPINION

Presently before the Court is Plaintiff's Motion to Remand [5] in which it attached an affidavit, attesting that regardless of any judgment obtained, it will limit total damages to an amount below $75,000.00. Furthermore, Plaintiff affirms that it will "not accept an award from the Defendant in excess of the $75,000 limitation," as pled in the Complaint. Because the Court does not have jurisdiction over this case, the case is REMANDED.

*Factual and Procedural Background*

On May 30, 2017 Plaintiff Strawberry Missionary Baptist Church filed an action in the Circuit Court of Marshall County, Mississippi, alleging claims of breach of contract, breach of duty of good faith and fair dealing, fraud, deceit and misrepresentation.

In the Complaint [2], Plaintiff requested damages in the amount "less than $75,000.00" for injuries allegedly sustained. Defendant timely filed a Notice of Removal [1] based on federal diversity jurisdiction. In response, Plaintiff filed a Motion to Remand [5], asserting that federal diversity jurisdiction is not satisfied in this matter because the amount-in-controversy does not exceed $75,000.00 as required by 28 U.S.C. § 1332(a). Plaintiff attached its affidavit, attesting that it does not seek damages over $75,000.00. Defendant did not object to the Plaintiff's Motion to Remand.

*Remand Standard*

Federal courts are courts of limited jurisdiction. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Moreover, once a motion to remand has been filed, the removing party bears the burden to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

*Analysis and Discussion*

It is undisputed that the first prong of federal diversity jurisdiction, complete diversity, is satisfied, as Plaintiff is a non-profit corporation having its principal place of business in Mississippi and incorporated there, and Defendant is a Wisconsin based corporation.

However, there has been some question regarding the second prong of federal jurisdiction—whether the amount in controversy exceeds $75,000.00. This case was removed due to an alleged amount in controversy exceeding $75,000.00. However, although Plaintiff's Complaint did not allege a specific amount in damages, Plaintiff has now stipulated by affidavit that it would neither seek nor accept damages in excess of $75,000.00, the federal diversity jurisdictional minimum. *See De Aguilar*, 47 F.3d at 1412 (Plaintiffs "who want to prevent removal must file a binding stipulation or affidavit with their complaints"). While it is true that "the jurisdictional facts that support removal must be judged at the time of the removal, . . .

post-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000).

Moreover, Defendant has stipulated that it does not object to Plaintiff's Motion to Remand, and does not wish to dispute the amount in controversy. Accordingly, Plaintiff has limited the amount of its recovery for damages to under the jurisdictional amount, $75,000.00 and the Court does not have jurisdiction.

*Conclusion*

This Court has no jurisdiction in a diversity case where the amount in controversy does not exceed $75,000, exclusive of interest and costs. Plaintiff has limited her ability to collect more than $75,000 for damages of any kind. The Motion to Remand is GRANTED. The Clerk of Court is directed to transfer this case back to the Circuit Court of Marshall County.

SO ORDERED, this the 17th day of October, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE